<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| MARTIN A. ARMSTRONG, | : | |
| | | Civil Action No. 08-0569 (RMB) |
| Petitioner, | : | |
| | | |
| v. | : | **OPINION** |
| | | |
| JEFF GRONDOLSKY, Warden, | : | |
| and | | |
| SCOTT DODRILL, | : | |
| Regional Director, BOP, | : | |
| | | |
| Respondents. | : | |

**APPEARANCES:**

Petitioner <u>pro</u> <u>se</u>
Martin A. Armstrong
F.C.I. Fort Dix
P.O. Box 2000
Fort Dix, NJ 08640

**BUMB**, District Judge

Petitioner Martin A. Armstrong, a prisoner currently

confined at the Federal Correctional Institution at Fort Dix, New

Jersey, has submitted a petition for a writ of habeas corpus

pursuant to 28 U.S.C. § 2241.[1]  The named respondents are Warden

---

[1] Section 2241 provides in relevant part:

(a) Writs of habeas corpus may be granted by the
Supreme Court, any justice thereof, the district courts
and any circuit judge within their respective
jurisdictions.
(c) The writ of habeas corpus shall not extend to a
prisoner unless-- ... (3) He is in custody in violation
of the Constitution or laws or treaties of the United

Jeff Grondolsky and Regional Director of the Bureau of Prisons Scott Dodrill.

## I.  BACKGROUND

This matter arises out of two related matters, Petitioner's confinement as a civil contemnor, in a civil securities fraud action,[2] and his criminal prosecution for securities fraud and related offenses,[3] the histories of which are set forth in the opinion of the U.S. Court of Appeals for the Second Circuit in Armstrong v. Guccione, 470 F.3d 89 (2d Cir. 2006), cert. denied, 128 S.Ct. 486 (2007).

In Armstrong v. Guccione, decided November 27, 2006, the Second Circuit affirmed the District Court's denial of Petitioner's application for habeas relief, challenging his confinement as a civil contemnor.  In brief, the District Court had found Petitioner in contempt, and ordered him confined, for his failure to disgorge certain records and assets in the civil

States ... .

[2] Petitioner has been confined as a civil contemnor in civil proceedings against Petitioner and others by the Securities and Exchange Commission and the Commodity Futures Trading Commission pending in the U.S. District Court for the Southern District of New York.  See SEC v. Princeton Econ. Int'l, Ltd., Civil Action No. 99-9667 (S.D.N.Y.); CFTC v. Princeton Global Mgmt., Ltd., Civil Action No. 99-9669 (S.D.N.Y.).  Petitioner alleges that the civil contempt order was vacated on April 27, 2007, following his conviction in the criminal proceeding.  The civil actions remain pending.

[3] See United States v. Armstrong, Criminal Action No. 99-0997 (S.D.N.Y.).

2

proceedings brought by the Securities and Exchange Commission and the Commodity Futures Trading Commission.  Petitioner unsuccessfully challenged his confinement on the following grounds: (1) his confinement contravened his Fifth Amendment right against compelled self-incrimination; (2) his continued detention violated (a) the Non-Detention Act, 18 U.S.C. § 4001(a) and (b), (b) the Recalcitrant Witness Statute, 28 U.S.C. § 1826, and (c) the Due Process Clause of the Fifth Amendment; and (3) the District Court abused its discretion by denying him bail pending the resolution of his habeas petition.

Thereafter, Petitioner pleaded guilty as to one count of the indictment against him, for conspiracy to defraud the United States.  On April 10, 2007, he was sentenced to a term of imprisonment of 60 months, to commence upon resolution of the civil contempt matter.  See United States v. Armstrong, 99-cr-0997 (S.D.N.Y.) (Docket Entry No. 150).

Prior to his sentencing, while Petitioner was confined at the Metropolitan Correctional Center in New York pursuant to the civil contempt order, he filed in the U.S. District Court for the Southern District of New York a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2241, seeking a declaratory judgment with injunctive relief against the failure to credit against his criminal sentence time spent in jail as a civil contemnor.  See Armstrong v. Lappin, Civil Action No. 07-2573

(S.D.N.Y.).  The District Court dismissed the petition, and the Court of Appeals for the Second Circuit dismissed the appeal on August 28, 2007.  The record available to this Court at present does not reveal the grounds for the dismissals.

This Petition followed.  Petitioner is now confined at the Federal Correctional Institution at Fort Dix, New Jersey, pursuant to the criminal sentence.  In a rambling Petition of 98 pages, accompanied by various memoranda of law, Petitioner purports to assert nine claims: (1) that he is entitled to credit against his criminal sentence for the time spent confined as a civil contemnor; (2) that Regional Director Scott Dodrill violated Petitioner's rights under 42 U.S.C. § 1985 and 1986 by permitting his wrongful confinement as a civil contemnor and that Warden Jeff Grondolsky has "joined" the conspiracy and continued to confine Petitioner without statutory authority; (3) petitioning for a writ of mandamus pursuant to 28 U.S.C. § 1361 to compel the respondents to credit against his criminal sentence the time spent confined as a civil contemnor; (4) for a permanent injunction against any further imprisonment as a civil contemnor, which Petitioner contends violates a pre-existing bail order in the criminal case; (5) a claim under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 389 (1971), and a habeas action under 28 U.S.C. § 2241, for the confinement of Petitioner as a civil contemnor, in the Metropolitan

4

Correctional Center between January 14, 2000, and April 10, 2007,
allegedly in violation of the Eighth Amendment and the Non-
Detention Act, 18 U.S.C. § 4001(a); (6) a habeas claim under
§ 2241, and a damages claim under Bivens, for cruel and unusual
punishment in violation of the Eighth Amendment based upon
Respondents' alleged failure to credit against Petitioner's
criminal sentence the time spent confined as a civil contemnor;
(7) a habeas claim under § 2241, a civil rights action pursuant
to 42 U.S.C. §§ 1985 and 1986, and a Bivens claim, challenging
his confinement under the civil contempt order, alleging a denial
of equal protection as a class of one; (8) a habeas claim, a
claim pursuant to 42 U.S.C. §§ 1985 and 1986, and a Bivens claim
based upon alleged violation of the Torture Victim Protection Act
arising out of his confinement as a civil contemnor; and (9) for
money damages based upon an alleged assault on or about May 10,
2007, while he was confined at the Metropolitan Correctional
Center in New York, and subsequent failures to provide medical
attention.  In addition, Petitioner purports to assert a
reservation of rights to amend the Petition to assert additional
claims.[4]

---

[4] The purported "reservation of rights" to amend the
Petition is without effect.  Rule 15 of the Federal Rules of
Civil Procedure governs amendment of civil pleadings, including
habeas petitions.

Petitioner also has filed several motions, including (1) a Motion for Immediate Change in Custody to Home Confinement, (Docket Entry No. 2); (2) a Motion for Injunctive Relief, requesting that this Court re-open a prior bail proceeding, United States v. Armstrong, 99-mj-5018 (D.N.J.), (Docket Entry No. 3); (3) a Motion for Protective Order, to prohibit any transfer or change in his living conditions during the pendency of this Petition, (Docket Entry No. 4); (4) a Motion to Stay Execution of the criminal sentence, or in the alternative to grant bail, pending conclusion of this proceeding (Docket Entry No. 5); and (5) a Motion to Compel the Bureau of Prisons to allow Armstrong to be temporarily released for the day to attend any hearing that may be ordered by this Court (Docket Entry No. 6).

II.   STANDARDS FOR A SUA SPONTE DISMISSAL

United States Code Title 28, Section 2243 provides in relevant part as follows:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers.   Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972). A pro se habeas petition and any supporting submissions must be

construed liberally and with a measure of tolerance.  See Royce
v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney
General, 878 F.2d 714, 721-22 (3d Cir. 1989); United States v.
Brierley, 414 F.2d 552, 555 (3d Cir. 1969), cert. denied, 399
U.S. 912 (1970).  Nevertheless, a federal district court can
dismiss a habeas corpus petition if it appears from the face of
the petition that the petitioner is not entitled to relief.  See
Lonchar v. Thomas, 517 U.S. 314, 320 (1996); Siers v. Ryan, 773
F.2d 37, 45 (3d Cir. 1985), cert. denied, 490 U.S. 1025 (1989).
See also 28 U.S.C. §§ 2243, 2255.

## III.  ANALYSIS

### A.  Challenges to Confinement as Civil Contemnor

To invoke habeas corpus review by a federal court, a federal
prisoner must satisfy two jurisdictional requirements: the status
requirement that the person be "in custody," and the substance
requirement that the petition challenge the legality of that
custody on the ground that it is "in violation of the
Constitution or laws or treaties of the United States."  28
U.S.C. § 2241(c)(3); see also Maleng v. Cook, 490 U.S. 488, 490
(1989); 1 James S. Liebman & Randy Hertz, Federal Habeas Corpus
Practice and Procedure § 8.1 (4th ed. 2001).

Petitioner alleges that the civil contempt order was vacated
on April 27, 2007.  (Petition at 55.)  The docket in the criminal
matter confirms that an oral order was entered on April 27, 2007,

7

that "Incarceration for civil contempt is no longer warranted and civ il confinement ceases immediately.  Martin Armstrong is now to commence his sentence of sixty (60) months imprisonment pursuant to the Judgment in U.S. v. Armstrong 99 cr 997 (JFK) (Judgment dated 4/10/07.)"[5]  Accordingly, Petitioner fails to meet the custody requirement of § 2241 with respect to that confinement.  All claims for habeas relief related to the confinement under the civil contempt order must be dismissed with prejudice.

In addition, Petitioner seeks a permanent injunction under 18 U.S.C. § 1509, alleging that his confinement for civil contempt amounted to obstruction of an earlier order granting bail.  In connection with this claim, he seeks to re-open the bail proceeding.  Again, Petitioner is not presently confined pursuant to the civil contempt order.  Nor has he alleged any facts suggesting that he is likely to be confined in the future for civil contempt in the civil proceedings.  Any future confinement for civil contempt is subject to challenge through habeas corpus based upon the facts relevant to that confinement.

---

[5] This Court will take judicial notice of the dockets of other federal courts in cases related to this Petition.  See Fed.R.Evid. 201; Southern Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Group Ltd., 181 F.3d 410, 426-27 (3d Cir. 1999) (federal court, on a motion to dismiss, may take judicial notice of another court's opinion, not for the truth of the facts recited therein, but for the existence of the opinion, which is not subject to reasonable dispute over its authenticity).

In any event, Petitioner has pleaded guilty and is now serving a criminal sentence in the same criminal matter pursuant to which he was earlier granted pre-trial bail.  Thus, Petitioner lacks standing to bring this claim for prospective injunctive relief. He cannot show that he faces a real and immediate threat of future injury arising out of the challenged conduct.  See, e.g., City of Los Angeles v. Lyons, 461 U.S. 95 (1983); Brown v. Fauver, 819 F.2d 395, 400 (3d Cir. 1987).  Accordingly, the claim for injunctive relief prohibiting future confinement for civil contempt and the request to re-open the bail proceeding will be denied.

B.   Damages Claims and Claims for Injunctive Relief

Petitioner asserts various claims for monetary damages and related injunctive relief, e.g., pursuant to 42 U.S.C. §§ 1985 and 1986 and pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 389 (1971).  These claims may not be brought in conjunction with this Petition for writ of habeas corpus.

In 1996, Congress enacted the Prison Litigation Reform Act ("PLRA"), Title VIII of the Omnibus Consolidated Rescissions and Appropriations Act of 1996, Pub. L. No. 104-134, 110 Stat. 1321-71 (April 26, 1996).  Congress's purpose in enacting the PLRA was "primarily to curtail claims brought by prisoners under 42 U.S.C. § 1983 and the Federal Torts Claims Act ... many of which are

routinely dismissed as legally frivolous."  Santana v. United
States, 98 F.3d 752, 755 (3d Cir. 1996).  See also Woodford v.
Ngo, 548 U.S. 81, 126 S.Ct. 2378, 2382-83 (2006).

A crucial part of the congressional plan for curtailing
meritless prisoner suits is the requirement, embodied in 28
U.S.C. §§ 1915(e)(2)(B) and 1915A(b) and 42 U.S.C. § 1997e, that
a court must dismiss, at the earliest practicable time, prisoner
actions that are frivolous, malicious, fail to state a claim, or
seek monetary relief from a defendant who is immune from such
relief.

Petitioner has paid the filing fee only for a habeas action,
but he has neither pre-paid the filing fee nor submitted an
application for leave to proceed in forma pauperis with respect
to the civil actions for damages.  Title 28 section 1915 governs
proceedings in forma pauperis and imposes special limitations
with respect to in forma pauperis actions brought by prisoners.
"The PLRA dramatically altered the consequences attached to in
forma pauperis status for prisoners.  An incarcerated in forma
pauperis litigant now must pay the full filing fee when he brings
a civil action or files an appeal, although he may pay on an
installment plan."  Madden v. Myers, 102 F.3d 74, 76 (3d Cir.
1996) (citations omitted).  Moreover, the PLRA prohibits a
prisoner from bringing a civil action in forma pauperis pursuant
to 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior

10

occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g) (Supp. II 1996).  Dismissals for frivolousness of civil actions or appeals prior to the passage of the PLRA count as "strikes" under 28 U.S.C. § 1915(g).  See Keener v. Pennsylvania Bd. of Probation & Parole, 128 F.3d 143, 144 (3d Cir. 1997).

Finally, no prisoner may bring a civil action with respect to prison conditions "until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  See generally, Woodford v. Ngo, 548 U.S. 81 (2006).

Thus, to comply with the intent of the PLRA, Petitioner must pursue any civil action, other than a habeas claim, in a separate civil action, subject to the procedural requirements of the PLRA. Petitioner may not bypass the screening requirements of the PLRA by attaching his civil claims to a habeas petition.

1.  Claims related to confinement at MCC

In addition, it is doubtful that this is the proper venue for any civil claims arising out of Petitioner's confinement at the Metropolitan Correctional Center in New York.  See Chatman-Bey v. Thornburgh, 864 F.2d 804, 813-14 and n.10 (D.C. Cir. 1988)

11

(a court may raise considerations of venue <u>sua</u> <u>sponte</u>); <u>Garcia v. Pugh</u>, 948 F.Supp. 20, 23 (E.D. Pa. 1996)(same).  <u>See also</u> 15 Charles Alan Wright, Arthur R. Miller and Edward H. Cooper, <u>Federal Practice and Procedure</u> § 3844 (2d ed.).

Pursuant to the general federal venue provision:

...

(b) A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, ... or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

...

(e) A civil action in which a defendant is an officer or employee of the United States or any agency thereof acting in his official capacity or under color of legal authority, or an agency of the United States, or the United States, may, except as otherwise provided by law, be brought in any judicial district in which (1) a defendant in the action resides, (2) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) the plaintiff resides if no real property is involved in the action. ...

28 U.S.C. § 1391.

In determining the proper venue for this action, it is important to note that a <u>Bivens</u> claim may not be asserted against a federal agency, such as the Bureau of Prisons, or against federal officers in their official capacities.  The United States

has sovereign immunity except where it consents to be sued.
United States v. Mitchell, 463 U.S. 206, 212 (1983).  In the
absence of such a waiver of immunity, Plaintiff cannot proceed in
an action for damages against the United States or an agency of
the federal government for alleged deprivation of a
constitutional right, see FDIC v. Meyer, 510 U.S. 471, 484-87
(1994), or against any of the individual defendants in their
official capacities, see Kentucky v. Graham, 473 U.S. 159, 166
(1985) (a suit against a government officer in his or her
official capacity is a suit against the government).  This Court
is aware of no such waiver of immunity with respect to the BOP
and Petitioner has not asserted any.[6]  A Bivens-type action
seeking damages from the defendant BOP employees is an action
against them in their individual capacities only.  See, e.g.,
Armstrong v. Sears, 33 F.3d 182, 185 (2d Cir. 1994); Johnson v.
Horne, 875 F.2d 1415, 1424 (9th Cir. 1989).  Thus, this action
truly asserts claims only against the defendant BOP employees in
their individual capacities.

Accordingly, Section 1391(e)(3), relating to actions against
officers and employees of the United States acting in their

_____

[6] The limited waiver of immunity contained in the
Administrative Procedure Act, 5 U.S.C. § 702, does not apply
where the action seeks monetary relief.  See, e.g., Polanco v.
U.S. Drug Enforcement Admin., 158 F.3d 647, 652 (2d Cir. 1998);
Armendariz-Mata v. U.S. Dept. of Justive, Drug Enforcement
Admin., 82 F.3d 679, 682 (5th Cir. 1996).

13

official capacities, and which authorizes venue in the district
in which the plaintiff resides,[7] does not apply.  The United
States Supreme Court held in Stafford v. Briggs, 444 U.S. 527
(1980), that subsection (e)(3) does not apply to suits filed
against federal government employees for monetary damages.

> Suits for money damages for which an individual
> officeholder may be found personally liable are quite
> different.  If section 1391(e) were construed to govern
> actions for money damages against federal officers
> individually, suits could be brought against these
> federal officers while in Government service-and could
> be pressed even after the official has left the federal
> service-in any one of the 95 federal districts covering
> the 50 states and other areas within federal
> jurisdiction.  This would place federal officers,
> solely by reason of their Government service, in a very
> different posture in personal damages suits from that
> of all other persons, since under 28 U.S.C. section
> 1391(b), suits against private persons for money
> damages must be brought "in the judicial district where
> all defendants reside, or in which the claim arose."

Briggs, 444 U.S. at 544 (footnote omitted).  See also Micklus v.
Carlson, 632 F.2d 227, 240-41 (3d Cir. 1980) (section 1391(e)
does "not apply to actions for money damages brought against
federal officials in their individual capacities").

    Thus, subsection (b) governs the venue determination here.
According to the allegations of the Complaint, the residency of
defendant Scott Dodrill is not clear.  However, a "substantial
part" of the events giving rise to the claim occurred in New

---

[7] It is not clear where Petitioner resided at the time of
the events complained of.  His confinement in New York does not
change his residency.  See, e.g., Freddo v. U.S., 2001 WL
1175098, *1, n.2 (E.D. Pa. 2001) (collecting cases).

York, not in New Jersey.  The only event occurring in New Jersey was Petitioner's initial arrest or surrender and the associated bail hearing.  Alternatively, the challenged civil contempt order and all related civil and criminal litigation took place in the Southern District of New York, where Petitioner was confined.  It is likely that the appropriate venue is the Southern District of New York.

    2.   <u>Damages Claims Arising out of Present Confinement</u>

Petitioner alleges that his present confinement pursuant to the criminal sentence is unlawful, and he seeks damages pursuant to <u>Bivens</u> and various other theories.  Again, Petitioner must bring such a claim in a separate civil action, subject to the procedural requirements of the PLRA.

In addition, it is doubtful that Petitioner can assert, at this time, such a challenge to his present confinement.  To the extent Plaintiff seeks damages for his present allegedly wrongful confinement, that claim is likely premature until such time as his confinement is otherwise invalidated.  <u>See</u>, <u>e.g.</u>, <u>Preiser v. Rodriquez</u>, 411 U.S. 475 (1973); <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994).  "Considering <u>Heck</u> and summarizing the interplay between habeas and § 1983 claims, the Supreme Court recently explained that, 'a state prisoner's § 1983 action is barred (absent prior invalidation) - no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state

15

conduct leading to conviction or internal prison proceedings) –
<u>if</u> success in that action would necessarily demonstrate the
invalidity of the confinement or its duration.'" <u>Williams v.
Consovoy</u>, 453 F.3d 173, 177 (3d Cir. 2006) (quoting <u>Wilkinson v.
Dotson</u>, 544 U.S. 74, 81-82 (2005)) (emphasis in original).

    3.  <u>Claims arising out of conditions of confinement</u>

    Petitioner asserts various claims relating to the conditions
of his confinement, at both the Metropolitan Correctional Center
in New York and at the Federal Correctional Institution at Fort
Dix, New Jersey, including allegations of inadequate medical
treatment.  These claims also must be brought in a separate civil
action subject to the procedural requirements of the PLRA,
including the exhaustion requirement of 42 U.S.C. § 1997e(a), and
appropriate venue considerations.

    For the foregoing reasons, all civil claims for damages and
injunctive relief arising out of Petitioner's present confinement
and his confinement under the civil contempt order will be
dismissed without prejudice.

C.  <u>Habeas Claim Challenging Present Confinement</u>

    As noted above, the Petition runs to 98 pages and is
accompanied by several lengthy memoranda of law.  Distilled to
its essence, Petitioner's challenge to his present confinement is
that he is entitled, under 18 U.S.C. § 3585(b) and, by extension,
18 U.S.C. § 4001(a), to credit against his criminal sentence for

16

the time he spent confined at the Metropolitan Correctional
Sentence under the civil contempt order.  Respondent Warden Jeff
Grondolsky, Petitioner's present custodian, will be ordered to
respond to this allegation.[8]

D.   Claim for Mandamus Relief

    Petitioner seeks a writ of mandamus compelling respondents
to credit against his sentence the time he was confined pursuant
to the order of civil contempt.  A Petition for writ of mandamus
is subject to screening pursuant to 28 U.S.C. § 1915A to
determine whether it should be dismissed as frivolous or

_____

    [8] The only proper respondent in this matter is Petitioner's
present custodian Warden Jeff Grondolsky.  Among other things, 28
U.S.C. § 2242 requires the petition for a writ of habeas corpus
to allege "the name of the person who has custody over [the
petitioner]."  See also 28 U.S.C. § 2243 ("The writ, or order to
show cause shall be directed to the person having custody of the
person detained.").  "[T]hese provisions contemplate a proceeding
against some person who has the immediate custody of the party
detained, with the power to produce the body of such party before
the court or judge, that he may be liberated if no sufficient
reason is shown to the contrary."  Wales v. Whitney, 114 U.S.
5674, 574 (1885) (emphasis added).

        In accord with the statutory language and Wales'
        immediate custodian rule, longstanding practice
        confirms that in habeas challenges to present physical
        confinement - "core challenges" - the default rule is
        that the proper respondent is the warden of the
        facility where the prisoner is being held, not the
        Attorney General or some other remote supervisory
        official.

Rumsfield v. Padilla, 542 U.S. 426, 434-436 (2004) (citations
omitted).  Accordingly, as no other claims remain, the Petition
will be dismissed as to named respondent BOP Regional Director
Scott Dodrill.

                                17

malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief.  See, e.g., Martin v. Grimshaw, 198 F.3d 248 (Table), 1999 WL 1021705 (6th Cir. 1999) (mandamus action under § 1631 is a "civil action" for purposes of Prison Litigation Reform Act); In re Nagy, 89 F.3d 115, 116 (2d Cir. 1996) (PLRA applies to mandamus petitions that seek relief analogous to civil rights complaints).

For the reasons set forth below, the Court concludes that dismissal of the mandamus claim is warranted; Thompson v. Sheriff of Broward County, 2007 WL 419352 (S.D. Fla. Feb. 5, 2007) (collecting cases).  Cf. Madden v. Myers, 102 F.3d 74, 76-66 n.2 (3d Cir. 1996) (declining to decide whether PLRA applies to § 1361 mandamus petitions) with Franco v. Bureau of Prisons, 207 Fed.Appx. 145, 2006 WL 3521880 (3d Cir. 2006) (affirming district court dismissal under 28 U.S.C. § 1915(e)(2) of motion for § 1361 writ of mandamus against Bureau of Prisons, and dismissing appeal under § 1915(e)(2)(B)).

Pursuant to 28 U.S.C. § 1361, "The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." Mandamus, however, is an extraordinary remedy.  See Heckler v. Ringer, 466 U.S. 602, 616 (1984).  Certain conditions must be met

18

before mandamus relief is granted.  "Among these are that the party seeking issuance of the writ have no other adequate means to attain the relief he desires, and that he satisfy 'the burden of showing that (his) right to issuance of the writ is clear and indisputable.'"  Kerr v. United States District Court, 426 U.S. 394, 403 (1976) (citations omitted).  Thus, mandamus is available to Petitioner here only if he shows that he has a clear right to the relief sought, that the Respondents have a clear duty to perform, and that no other adequate remedy is available. Petitioner cannot meet this standard.  Specifically, Petitioner cannot demonstrate that no other adequate remedy is available. To the contrary, to the extent Respondents have miscalculated his sentence, it is apparent that the remedy of habeas corpus, pursuant to 28 U.S.C. § 2241, is an available and appropriate remedy.  Accordingly, the request for a writ of mandamus will be dismissed with prejudice.

E.   Motions

    1.   Motion for Immediate Change in Custody

Petitioner moves for an order directing an immediate change in custody to home confinement.  (Docket Entry No. 2.)  He requests this change in custody because he alleges that, in order to litigate the claims raised in this litigation, he needs computer access to review, and print hard copies from, more than 100 CD-ROMs containing discovery from his litigation in the

Southern District of New York.  In addition, he claims that he requires dental care that the Bureau of Prisons is not providing.

Federal law imposes upon the Bureau of Prisons the obligation and discretion to designate the place of a prisoner's imprisonment, as follows:

(b) Place of imprisonment.--The Bureau of Prisons shall designate the place of the prisoners's imprisonment. The Bureau may designate any available penal or correctional facility that meets minimum standards of health and habitability established by the Bureau, whether maintained by the Federal Government or otherwise and whether within or without the judicial district in which the person was convicted, that the Bureau determines to be appropriate and suitable, considering -

(1) the resources of the facility contemplated;

(2) the nature and circumstances of the offense;

(3) the history and characteristics of the prisoner;

(4) any statement by the court that imposed the sentence--

(A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or

(B) recommending a type of penal or correctional facility as appropriate; and

(5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of Title 28.

In designating the place of imprisonment or making transfers under this subsection, there shall be no favoritism given to prisoners of high social or economic status.  The Bureau may at any time, having regard for the same matters, direct the transfer of a prisoner from one penal or correctional facility to another.

20

18 U.S.C. § 3621(b).  The Bureau of Prisons may place a prisoner in home confinement toward the end of his sentence, to afford the prisoner a reasonable opportunity to adjust to and prepare for re-entry into the community.  18 U.S.C. § 3624(c).

With respect to convicted and sentenced prisoners, "[a]s long as the conditions or degree of confinement to which the prisoner is subjected is within the sentence imposed upon him and is not otherwise violative of the Constitution, the Due Process Clause does not in itself subject an inmate's treatment by prison authorities to judicial oversight." Montanye v. Haymes, 427 U.S. 236, 242 (1976), quoted in Hewitt v. Helms, 459 U.S. 460, 468 (1983) and Sandin v. Conner, 515 U.S. 472, 480 (1995).  It is well established that a prisoner possesses no liberty interest arising from the Due Process Clause in a particular custody level or place of confinement.  See, e.g., Olim v Wakinekona, 461 U.S. 238, 245-46 (1983); Hewitt, 459 U.S. at 466-67; Meachum v. Fano, 427 U.S. 215, 224-25 (1976); Montanye, 427 U.S. at 242.

The only claim remaining in this litigation is the claim that Petitioner is entitled to credit against his criminal sentence for the time he was confined pursuant to the order of civil contempt.  Respondent will be ordered to produce the relevant portions of the record.  The claim rests, in large part, upon issues of statutory construction.  Accordingly, this Court is not persuaded that Petitioner's right of access to the courts

21

is impaired by his current confinement at the Federal
Correctional Institution at Fort Dix.

In addition, to the extent Petitioner believes that he is
being deprived of his right to adequate medical care under the
Eighth Amendment, his remedy is a civil rights action raising
that claim.

For the foregoing reasons, the request for an order
compelling Respondent to transfer Petitioner to home confinement
will be denied.

### 2.   Motion for Injunctive Relief

Petitioner requests that this Court re-open a prior bail
proceeding, United States v. Armstrong, 99-mj-5018 (D.N.J.).
(Docket Entry No. 3.)  Following a guilty plea, Petitioner is
presently confined pursuant to a final judgment and sentence in
the criminal matter to which the bail proceeding was attached.
There is no basis to re-open that bail proceeding.  This request
will be denied.

### 3.   Motion for Protective Order

Petitioner asks for an order to prohibit any transfer or
change in his living conditions during the pendency of this
Petition.  (Docket Entry No. 4.)  The sole remaining claim in
this matter is a narrow one which relies on a relatively compact
record and which is unlikely to require a hearing.  Moreover, as
noted above, decisions regarding Petitioner's place of

confinement are within the purview of the Bureau of Prisons,
barring a constitutional violation.  There appears to be no
reason to limit the discretion of the Bureau of Prisons in this
matter.  This request will be denied.

    4.   <u>Motion to Stay Execution of Sentence</u>

    Petitioner moves to stay execution of the criminal sentence,
or in the alternative to grant bail, pending conclusion of this
proceeding.[9]  (Docket Entry No. 5.)

    The Court of Appeals for the Third Circuit has held that the
standards governing stays of civil judgments should guide courts
in determining whether to release a habeas petitioner.  These
include whether the applicant has made a strong showing that he
is likely to succeed on the merits, irreparable injury, injury to
other parties interested in the proceeding, and the public
interest.  Another factor to consider is the government's
interest in continued custody pending a final determination of
the case, which is strongest where the remaining portion of the
sentence is a long one.  <u>See</u> <u>United States v. Smith</u>, 835 F.2d
1048, 1050 (3d Cir. 1987) (citing <u>Hilton v. Braunskill</u>, 481 U.S.
770 (1987).  <u>See also</u> <u>Landano v. Rafferty</u>, 970 F.2d 1230, 1239-41
(3d Cir. 1992) (citing <u>Calley v. Callaway</u>, 496 F.2d 701, 702 (5th

---

    [9] Petitioner previously requested, in the trial court,
reinstatement of bail pending appeal or, in the alternative, to
stay the judgment and sentence pending appeal.  That request was
denied.  <u>United States v. Armstrong</u>, 99-cr-0997 (S.D.N.Y.)
(Docket Entry No. 165).

Cir. 1974) and Lucas v. Hadden, 790 F.2d 365, 367 (3d Cir. 1986))
(in deciding whether to grant bail pending review of habeas
petition, the factual predicate for the exercise of such power is
a finding of "extraordinary circumstances").  In Calley, the
Court of Appeals for the Fifth Circuit explained that bail
pending post-conviction habeas corpus review was available "only
when the petitioner has raised substantial constitutional claims
upon which he has a high probability of success, and also when
extraordinary or exceptional circumstances exist which make the
grant of bail necessary to make the habeas remedy effective."
496 F.2d at 702.

Petitioner has failed to meet this standard.  It is not
clear from the Petition that Petitioner has even exhausted his
administrative remedies.  He has failed to establish any
"extraordinary circumstances" that justify release pending
resolution of this matter.  Moreover, the only precedent this
Court has located on the issue presented suggests that the Bureau
of Prisons correctly excluded the time spent confined pursuant
the civil contempt order.  See, e.g., Tankersley v. Fisher, 2008
WL 275878 (N.D. Fla. Jan. 31, 2008); Smith v. Jeter, 2004 WL
2297429 (N.D. Texas Oct. 12, 2004) (collecting cases).

For the foregoing reasons, the request to stay execution of
the criminal judgment or, in the alternative, for bail will be
denied.

24

5.   <u>Motion to Compel Temporary Release</u>

Petitioner moves for an order compelling the Bureau of Prisons to temporarily release him for any hearing that may be ordered by this Court.  (Docket Entry No. 6.)  As this Court has not ordered any such hearing, and no hearing appears likely based upon the information presently available, this motion will be denied as premature.

IV.   <u>CONCLUSION</u>

For the reasons set forth above, Petitioner's motions will be denied, and only the § 2241 habeas claim challenging the Bureau of Prisons' calculation of Petitioner's sentence will be permitted to proceed.  All other claims will be dismissed.  An appropriate order follows.

s/Renée Marie Bumb
Renée Marie Bumb
United States District Judge

Dated: February 14, 2008

25