UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARTIN A. ARMSTRONG,            : | |
|                        Petitioner,   : | Civil Action No. 08-0569 (RMB) |
|                    v.              : | **ORDER** |
| JEFF GRONDOLSKY, Warden,  : | |
| and | |
| SCOTT DODRILL,                  : | |
| Regional Director, BOP,    : | |
|                        Respondents.   : | |

For the reasons set forth in the Opinion filed herewith, IT IS on this **14th** day of **February** 2008,

**ORDERED** that the Petition is **DISMISSED WITHOUT PREJUDICE** as against Respondent Scott Dodrill; and it is further

**ORDERED** that the claim seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2241 and challenging the Bureau of Prisons' calculation of Petitioner's sentence MAY PROCEED, specifically, the claim that Petitioner is entitled under 18 U.S.C. § 3585(b) and 18 U.S.C. § 4001(a) to credit against his current criminal sentence for the time he spent confined at the Metropolitan Correctional Center in New York under a civil contempt order entered in SEC v. Princeton Econ. Int'l, Ltd., Civil Action No. 99-9667 (S.D.N.Y.) and CFTC v. Prrinceton Global Mgmt., Ltd., Civil Action No. 99-9669 (S.D.N.Y.) (the "Civil Contempt Order"; and it is further

**ORDERED** that the claim for habeas corpus relief under 28 U.S.C. § 2241, challenging Petitioner's former confinement under the Civil Contempt Order is **DISMISSED WITH PREJUDICE**; and it is further

**ORDERED** that the request for a permanent injunction under 18 U.S.C. § 1509, alleging that Petitioner's confinement under the Civil Contempt Order amounted to obstruction of an earlier bail order, and the associated request to re-open the bail proceeding at United States v. Armstrong, 99-mj-5018 (D.N.J.), are **DENIED**; and it is further

**ORDERED** that the request for a writ of mandamus pursuant to 28 U.S.C. § 1361 to compel the respondents to credit against Petitioner's criminal sentence the time spent confined pursuant to the Civil Contempt Order is **DENIED**; and it is further

**ORDERED** that all other claims for relief are **DISMISSED WITHOUT PREJUDICE**; and it is further

**ORDERED** that the Motion [Docket Entry No. 2] for Immediate Change in Custody to Home Confinement is **DENIED**; and it is further

**ORDERED** that the Motion [Docket Entry No. 3] for Injunctive Relief is **DENIED**; and it is further

**ORDERED** that the Motion [Docket Entry No. 4] for Protective Order is **DENIED**; and it is further

**ORDERED** that the Motion [Docket Entry No. 5] to Stay the Execution of the Sentence is **DENIED**; and it is further

**ORDERED** that the Motion [Docket Entry No. 6] to Compel the Bureau of Prisons to allow Armstrong to be temporarily released for the day to attend any hearing is **DENIED**; and it is further

**ORDERED** that the Clerk of the Court shall send Petitioner a blank form Complaint to be used by a prisoner in filing a civil rights complaint; and it is further

**ORDERED** that the Clerk of the Court shall serve copies of the Petition, this Order, and all other documents docketed in this matter upon Respondents by certified mail, return receipt requested, with all costs of service advanced by the United States; and it is further

**ORDERED** that Respondent Warden Jeff Grondolsky (hereinafter "Respndent") shall file a full and complete answer to said Petition within 30 days after the entry of this Order, see Ukawabutu v. Morton, 997 F.Supp. 605 (D.N.J. 1998); and it is further

**ORDERED** that Respondent's answer shall respond to the claim that Petitioner is entitled under 18 U.S.C. § 3585(b) and 18 U.S.C. § 4001(a) to credit against his current criminal sentence for the time he spent confined at the Metropolitan Correctional Center under a civil contempt order entered in SEC v. Princeton Econ. Int'l, Ltd., Civil Action No. 99-9667 (S.D.N.Y.) and CFTC

3

<u>v. Prrinceton Global Mgmt., Ltd.</u>, Civil Action No. 99-9669 (S.D.N.Y.), but Petitioner **NEED NOT** fashion an answer to the factual and legal allegations of the Petition by each paragraph and subparagraph; and it is further

**ORDERED** that Respondent shall raise by way of the answer any appropriate defenses which Respondent wishes to have the Court consider, including, but not limited to, exhaustion of administrative remedies, and also including, with respect to the asserted defenses, relevant legal arguments with citations to appropriate legal authority; and it is further

**ORDERED** that the answer shall be accompanied by certified copies of all relevant documents, including, but not limited to, any pleadings, process, orders, transcripts, summaries, briefs, appendices, opinions, and judgments filed in related federal and state proceedings, as well as all records of administrative remedies pursued by Petitioner, or such of them as may be material to the questions raised in the Petition; and it is further

**ORDERED** that, pursuant to Local Civil Rule 5.2, Respondent shall file the answer electronically, and, to the extent a hard copy of exhibits is filed, shall submit a courtesy copy of the answer and one set of the accompanying exhibits to the Clerk's Office at 402 East State Street, Room 2020, Trenton, New Jersey 08608; and it is further

4

**ORDERED** that Petitioner may file a Reply in support of the Petition within 15 days after the Answer is filed.

<u>s/Renée Marie Bumb</u>
Renée Marie Bumb
United States District Judge
