**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

MARTIN A. ARMSTRONG,               :
                                                    Civil Action No. 08-0569 (RMB)
            Petitioner,      :

        v.                         :    **OPINION**

JEFF GRONDOLSKY, Warden,            :

            Respondent.      :

**APPEARANCES:**

Petitioner pro se                    Counsel for Respondent
Martin A. Armstrong                  J. Andrew Ruymann
F.C.I. Fort Dix                      Asst. U.S. Attorney
P.O. Box 2000                        402 East State Street
Fort Dix, NJ 08640                   Trenton, NJ 08608

**BUMB**, District Judge

   Petitioner Martin A. Armstrong, a prisoner currently confined at the Federal Correctional Institution at Fort Dix, New Jersey, has submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1]  The sole remaining respondent is Warden Jeff Grondolsky.

---

   [1] Section 2241 provides in relevant part:

   (a) Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions.
   (c) The writ of habeas corpus shall not extend to a prisoner unless-- ... (3) He is in custody in violation of the Constitution or laws or treaties of the United States ... .

I.  BACKGROUND

This matter arises out of two related matters, Petitioner's confinement as a civil contemnor, in a civil securities fraud action,[2] and his criminal prosecution for securities fraud and related offenses,[3] the histories of which are set forth in the opinion of the U.S. Court of Appeals for the Second Circuit in Armstrong v. Guccione, 470 F.3d 89 (2d Cir. 2006), cert. denied, 128 S.Ct. 486 (2007).

In Armstrong v. Guccione, decided November 27, 2006, the Second Circuit affirmed the District Court's denial of Petitioner's application for habeas relief, challenging his confinement as a civil contemnor.  In brief, the District Court had found Petitioner in contempt, and ordered him confined, for his failure to disgorge certain records and assets in the civil proceedings brought by the Securities and Exchange Commission and the Commodity Futures Trading Commission.  Petitioner unsuccessfully challenged his confinement on various grounds.

---

[2] Petitioner was confined as a civil contemnor in civil proceedings against Petitioner and others by the Securities and Exchange Commission and the Commodity Futures Trading Commission pending in the U.S. District Court for the Southern District of New York.  See SEC v. Princeton Econ. Int'l, Ltd., Civil Action No. 99-9667 (S.D.N.Y.); CFTC v. Princeton Global Mgmt., Ltd., Civil Action No. 99-9669 (S.D.N.Y.).  Petitioner alleges that the civil contempt order was vacated on April 27, 2007, following his conviction in the criminal proceeding.  The civil actions remain pending.

[3] See United States v. Armstrong, Criminal Action No. 99-0997 (S.D.N.Y.).

Thereafter, Petitioner pleaded guilty as to one count of the indictment against him, for conspiracy to defraud the United States. On April 10, 2007, he was sentenced to a term of imprisonment of 60 months, to commence upon resolution of the civil contempt matter. See United States v. Armstrong, 99-cr-0997 (S.D.N.Y.) (Docket Entry No. 150).

Prior to his sentencing, while Petitioner was confined at the Metropolitan Correctional Center in New York pursuant to the civil contempt order, he filed in the U.S. District Court for the Southern District of New York a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2241, seeking relief for the anticipated refusal to credit against his criminal sentence time spent in jail as a civil contemnor. See Armstrong v. Lappin, Civil Action No. 07-2573 (S.D.N.Y.). The District Court dismissed the petition as premature and, in the alternative, because Petitioner had failed to exhaust his administrative remedies through the Bureau of Prisons. The Court of Appeals for the Second Circuit dismissed the appeal on August 28, 2007, for failure to pay the filing fee or submit an application for leave to proceed in forma pauperis. See Armstrong v. Lappin, No. 07-2197 (2d Cir.).

This Petition followed. Petitioner is now confined at the Federal Correctional Institution at Fort Dix, New Jersey, pursuant to the criminal sentence. In a rambling Petition of 98

pages, accompanied by various memoranda of law, Petitioner purports to assert nine claims: (1) that he is entitled to credit against his criminal sentence for the time spent confined as a civil contemnor; (2) that Regional Director Scott Dodrill violated Petitioner's rights under 42 U.S.C. § 1985 and 1986 by permitting his wrongful confinement as a civil contemnor and that Warden Jeff Grondolsky has "joined" the conspiracy and continued to confine Petitioner without statutory authority; (3) petitioning for a writ of mandamus pursuant to 28 U.S.C. § 1361 to compel the respondents to credit against his criminal sentence the time spent confined as a civil contemnor; (4) for a permanent injunction against any further imprisonment as a civil contemnor, which Petitioner contends violates a pre-existing bail order in the criminal case; (5) a claim under <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388, 389 (1971), and a habeas action under 28 U.S.C. § 2241, for the confinement of Petitioner as a civil contemnor, in the Metropolitan Correctional Center between January 14, 2000, and April 10, 2007, allegedly in violation of the Eighth Amendment and the Non-Detention Act, 18 U.S.C. § 4001(a); (6) a habeas claim under § 2241, and a damages claim under <u>Bivens</u>, for cruel and unusual punishment in violation of the Eighth Amendment based upon Respondents' alleged failure to credit against Petitioner's criminal sentence the time spent confined as a civil contemnor;

4

(7) a habeas claim under § 2241, a civil rights action pursuant to 42 U.S.C. §§ 1985 and 1986, and a <u>Bivens</u> claim, challenging his confinement under the civil contempt order, alleging a denial of equal protection as a class of one; (8) a habeas claim, a claim pursuant to 42 U.S.C. §§ 1985 and 1986, and a <u>Bivens</u> claim based upon alleged violation of the Torture Victim Protection Act arising out of his confinement as a civil contemnor; and (9) for money damages based upon an alleged assault on or about May 10, 2007, while he was confined at the Metropolitan Correctional Center in New York, and subsequent failures to provide medical attention.

Petitioner also filed several motions, including (1) a Motion for Immediate Change in Custody to Home Confinement, (Docket Entry No. 2); (2) a Motion for Injunctive Relief, requesting that this Court re-open a prior bail proceeding, <u>United States v. Armstrong</u>, 99-mj-5018 (D.N.J.), (Docket Entry No. 3); (3) a Motion for Protective Order, to prohibit any transfer or change in his living conditions during the pendency of this Petition, (Docket Entry No. 4); (4) a Motion to Stay Execution of the criminal sentence, or in the alternative to grant bail, pending conclusion of this proceeding (Docket Entry No. 5); and (5) a Motion to Compel the Bureau of Prisons to allow Armstrong to be temporarily released for the day to attend any hearing that may be ordered by this Court (Docket Entry No. 6).

By Opinion and Order entered February 14, 2008, this Court (1) held that Petitioner could proceed with the claim that he is entitled under 18 U.S.C. § 3585(b) and 18 U.S.C. § 4001(a) to credit against his current criminal sentence for the time he spent confined at the Metropolitan Correctional Center in New York under a civil contempt order entered in <u>SEC v. Princeton Econ. Int'l, Ltd.</u>, Civil Action No. 99-9667 (S.D.N.Y.) and <u>CFTC v. Princeton Global Mgmt., Ltd.</u>, Civil Action No. 99-9669 (S.D.N.Y.) (the "Civil Contempt Order"), (2) dismissed or denied all other claims and then-pending motions, and (3) ordered Warden Grondolsky to answer as to the sole remaining claim.

This matter is now before the Court pursuant to the following submissions of the parties: (1) Petitioner's Letter [11] request for reconsideration of his earlier request for a change in custody to home confinement; (2) Petitioner's Motion [13] to Clarify, which this Court construes as a motion for reconsideration of various of its earlier rulings; (3) Petitioner's Amended Petition [18]; and (4) Respondent's Motion [21] to Dismiss. Petitioner has answered [25, 26] as to the Motion to Dismiss and this matter is now ready for disposition.[4]

---

[4] In the cover letter accompanying Petitioner's response to the Motion to Dismiss, and apparently in anticipation of a negative result for him, Petitioner states that he is enclosing a notice of appeal and asks this Court to file that for him after a decision is rendered. No such notice of appeal was enclosed and, in any event, such an anticipatory request does not comport with the requirements of Rule 4 of the Federal Rules of Appellate

II.   ANALYSIS

A.   The Requests for Reconsideration

Local Civil Rule 7.1(i) governs motions for reconsideration. See Bowers v. National Collegiate Athletic Ass'n, 130 F.Supp.2d 610, 612 (D.N.J. 2001). The Local Rule specifies that a motion for reconsideration must be filed within 10 days after the entry of the order or judgment challenged. In deference to a litigant's pro se status, however, the Court may relax this strict deadline to prevent surprise or injustice. See, e.g., Damiano v. Sony Music Entertainment, Inc., 2000 WL 1689081, *5 (D.N.J. 2000); Former L.Civ.R. 7.1 cmt 6.b.(2) (2003). Taking into account Plaintiff's pro se status, and further taking into account that the challenged Opinion and Order were entered without argument, the Court will exercise its discretion to consider the out-of-time motion.

The Local Rule specifies that a separate brief shall be filed "setting forth concisely the matter or controlling decisions which the party believes the Judge or Magistrate Judge has overlooked." The standard for reargument is high and reconsideration is to be granted only sparingly. See United States v. Jones, 158 F.R.D. 309, 314 (D.N.J. 1994); NL

---

Procedure.  While the adequacy of a notice of appeal is a question for the Court of Appeals, this Court will file no notice of appeal on behalf of Petitioner.  If Petitioner seeks to appeal the Order accompanying this Opinion, he should file a proper notice of appeal.

Industries, Inc. v. Commercial Union Insurance, 935 F. Supp. 513, 515 (D.N.J. 1996).

Ordinarily, a motion for reconsideration may address only those matters of fact or issues of law which were presented to, but not considered by, the court in the course of making the decision at issue.  See SPIRG v. Monsanto Co., 727 F. Supp. 876, 878 (D.N.J.), aff'd, 891 F.2d 283 (3d Cir. 1989).  Thus, matters may not be introduced for the first time on a reconsideration motion.  See, e.g., Resorts Int'l, Inc. v. Greate Bay Hotel and Casino, Inc., 830 F. Supp. 826, 831 (D.N.J. 1992); Egloff v. New Jersey Air National Guard, 684 F. Supp. 1275, 1279 (D.N.J. 1988). Absent unusual circumstances, a court should reject new evidence which was not presented when the court made the contested decision.  See Resorts Int'l, 830 F. Supp. at 831 n.3.  Moreover, L.Civ.R. 7.1(i) does not allow parties to restate arguments which the court has already considered.  Thus, a difference of opinion with the court's decision should be dealt with through the normal appellate process.  Florham Park Chevron, Inc. v. Chevron U.S.A., Inc., 680 F. Supp. 159, 162 (D.N.J. 1988); see also Chicosky v. Presbyterian Medical Ctr., 979 F. Supp. 316, 318 (D.N.J. 1997); NL Industries, Inc. v. Commercial Union Ins. Co., 935 F. Supp. 513, 516 (D.N.J. 1996) ("Reconsideration motions . . . may not be used to re-litigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of

8

judgment."). Furthermore, the court will grant a motion for reconsideration only if the movant establishes that the court overlooked "dispositive factual matters or controlling decisions of law." See Rouse v. Plantier, 997 F. Supp. 575, 578 (D.N.J. 1998); Starr v. JCI Data Processing, Inc., 767 F. Supp. 633, 635 (D.N.J. 1991). Again, however, "the court may, in the exercise of its discretion, consider evidence offered for the first time on a motion for reargument, particularly if the evidence may lead to a different result." Former L.Civ.R. 7.1 cmt 6.f. With these standards in mind, the Court will now turn to Petitioner's requests for reconsideration.

Petitioner has not pointed to any facts or legal authority that this Court overlooked in rendering its prior Opinion and Order. Instead, the requests for reconsideration present merely Petitioner's disagreement with the findings of this Court. Accordingly, Petitioner has not established that this Court overlooked any "dispositive factual matters or controlling decisions of law." The requests for reconsideration will be denied.

B. The Amended Petition

Petitioner has filed an Amended Petition, see Fed.R.Civ.P. Rule 15, incorporating by reference pages one through 80 of the original Petition and several previously-filed memoranda of law, and asserting the following additional claims: (a) allegations of

failure to appoint counsel, denial of conflict-free counsel, and denial of counsel of choice, all related to the civil contempt matter and the criminal matter in the U.S. District Court for the Southern District of New York; (b) allegations of denial of an unbiased judicial tribunal and the denial of a full and fair public hearing and record, all related to the civil and contempt proceedings in the Southern District of New York; (c) allegations that an indicted defendant cannot be coerced by any other court, state or federal, on the same allegations upon which he stands already indicted, all related to the proceedings in the Southern District of New York; (d) allegations that Petitioner was denied due process of law and his fundamental rights to the presumption of innocence that included proof beyond a reasonable doubt on the same facts that were pending trial in the criminal case, all related to the proceedings in the Southern District of New York; (e) allegations that the intervention by the U.S. Attorney in the contempt proceeding, in the Southern District of New York, denied Petitioner due process of law; (f) allegations that the refusal to stay the civil proceedings was an abuse of discretion that entitles Petitioner to full credit for the time spent confined as a civil contemnor; (g) allegations that the confinement as a civil contemnor amounted to torture violating domestic and international law; (h) allegations that the District Court for the Southern District of New York lacked jurisdiction to enter

the order of civil contempt and the receivership order, (j)[5] allegations that the district court in New York committed constitutional error when it compelled Petitioner to testify in the civil proceeding, when he could not have been compelled to testify in the criminal proceeding; (k) allegations that the civil contempt order was improper because the collective-entity doctrine and the act-of-production privilege are unconstitutional; (l) allegations that the plain language of 18 U.S.C. § 3585(b) requires that Petitioner be granted credit for the time detained as a civil contemnor.

Insofar as Petitioner's incorporation by reference of the allegations contained in pages one through 80 of the original Petition and the associated memoranda of law is intended to re-assert claims already addressed in this Court's prior Opinion and Order, this Court incorporates here, by reference, its findings and conclusions with respect to those claims as expressed in this Court's earlier Opinion [2].

To the extent Petitioner asserts in the Amended Petition claims sounding in habeas and challenging his confinement as a civil contemnor, those claims will be dismissed with prejudice, as Petitioner fails to meet the "in custody" requirement for such a challenge.  See 28 U.S.C. § 2241.

---

[5] The Amended Petition contains no claim "(i)."

Similarly, to the extent Petitioner challenges here his criminal conviction and sentence, such challenges must be brought through a direct appeal to the U.S. Court of Appeals for the Second Circuit or through a motion to vacate, set aside, or correct the sentence, pursuant to 28 U.S.C. § 2255, filed in the court which imposed the sentence, here, the U.S. District Court for the Southern District of New York.  Accordingly, to the extent the Amended Petition could be construed to assert any such challenges, they will be dismissed without prejudice for lack of jurisdiction.[6]

To the extent the Amended Petition is intended to assert claims challenging the proceedings in the civil action in the Southern District of New York, other than the contempt proceeding, such claims must be brought in that action or on appeal to the U.S. Court of Appeals for the Second Circuit.  Such claims are not cognizable in this habeas proceeding.  Accordingly, any such claims will be dismissed without prejudice.

The only claims asserted in the Amended Petition that may proceed here are those claims asserting that Petitioner is entitled to credit against his criminal sentence for the time

---

[6] This Court does not construe the Amended Petition as asserting any claims for damages arising out of the proceedings in the Southern District of New York.  In any event, the Amended Petition fails to state any such claims as against the only named Respondent, Warden Jeff Grondolsky, who is not alleged to have had any involvement in the proceedings in the Southern District of New York.

spent confined pursuant to the contempt order. Respondent has moved for dismissal of those claims for failure to exhaust administrative remedies, as discussed below.

C.  The Motion to Dismiss

Respondent has moved for dismissal of Petitioner's claims that he is entitled to credit against his criminal sentence for time spent in custody pursuant to the civil contempt order, on the ground that Petitioner has failed to exhaust his administrative remedies with respect to these claims. Petitioner replies that the motion is a "delaying tactic" and asks this Court to rule on the question whether he is entitled to credit for the time he spent confined pursuant to the civil contempt order.

The Attorney General is responsible for computing federal sentences for all offenses committed on or after November 1, 1987, United States v. Wilson, 503 U.S. 329 (1992) and 18 U.S.C. § 3585, and the Attorney General has delegated that authority to the Director of the Bureau of Prisons, 28 C.F.R. § 0.96 (1992).

Computation of a federal sentence is governed by 18 U.S.C. § 3585, and is comprised of a two-step determination of, first, the date on which the federal sentence commences and, second, the extent to which credit is awardable for time spent in custody prior to commencement of the sentence.

> (a) Commencement of sentence.--A sentence to a term of imprisonment commences on the date the

>    defendant is received in custody awaiting
>    transportation to, or arrives voluntarily to commence
>    service of sentence at, the official detention facility
>    at which the sentence is to be served.
>
>    (b) Credit for prior custody.--A defendant shall
>    be given credit toward the service of a term of
>    imprisonment for any time he has spent in official
>    detention prior to the date the sentence commences-
>
> >    (1) as a result of the offense for which the
> >    sentence was imposed; or
> >
> >    (2) as a result of any other charge for which
> >    the defendant was arrested after the
> >    commission of the offense for which the
> >    sentence was imposed;
>
> that has not been credited against another sentence.

18 U.S.C. § 3585(a), (b). In addition, "[m]ultiple terms of imprisonment imposed at different times run consecutively unless the Court orders that the terms are to run concurrently." 18 U.S.C. § 3584(a).

Although 28 U.S.C. § 2241 contains no statutory exhaustion requirement, a federal prisoner ordinarily may not bring a petition for writ of habeas corpus under 28 U.S.C. § 2241, challenging the execution of his sentence, until he has exhausted all available administrative remedies. See, e.g., Callwood v. Enos, 230 F.3d 627, 634 (3d Cir. 2000); Arias v. United States Parole Comm'n, 648 F.2d 196, 199 (3d Cir. 1981); Soyka v. Alldredge, 481 F.2d 303, 306 (3d Cir. 1973). The exhaustion doctrine promotes a number of goals:

>    (1) allowing the appropriate agency to develop a
>    factual record and apply its expertise facilitates

>judicial review; (2) permitting agencies to grant the relief requested conserves judicial resources; and (3) providing agencies the opportunity to correct their own errors fosters administrative autonomy.

Goldberg v. Beeler, 82 F.Supp.2d 302, 309 (D.N.J. 1999), aff'd, 248 F.3d 1130 (3d Cir. 2000). See also Moscato v. Federal Bureau of Prisons, 98 F.3d 757, 761 (3d Cir. 1996). Nevertheless, exhaustion of administrative remedies is not required where exhaustion would not promote these goals. See, e.g., Gambino v. Morris, 134 F.3d 156, 171 (3d Cir. 1998) (exhaustion not required where petitioner demonstrates futility); Lyons v. U.S. Marshals, 840 F.2d 202, 205 (3d Cir. 1988) (exhaustion may be excused where it "would be futile, if the actions of the agency clearly and unambiguously violate statutory or constitutional rights, or if the administrative procedure is clearly shown to be inadequate to prevent irreparable harm"); Carling v. Peters, 2000 WL 1022959, *2 (E.D. Pa. 2000) (exhaustion not required where delay would subject petitioner to "irreparable injury").

The BOP Administrative Remedy Program is a three-tier process that is available to inmates confined in institutions operated by the BOP for "review of an issue which relates to any aspect of their confinement."[7]  28 C.F.R. § 542.10.  An inmate

---

[7] "This rule does not require the inmate to file under the Administrative Remedy Program before filing under statutorily-mandated procedures for tort claims (see 28 CFR 543, subpart C), Inmate Accident Compensation claims(28 CFR 301), and Freedom of Information Act or Privacy Act requests (28 CFR 513, subpart D),[ or other statutorily-mandated administrative procedures]."

must initially attempt to informally resolve the issue with institutional staff. 28 C.F.R. § 542.13(a). If informal resolution fails or is waived, an inmate may submit a BP-9 Request to "the institution staff member designated to receive such Requests (ordinarily a correctional counsel)" within 20 days of the date on which the basis for the Request occurred, or within any extension permitted. 28 C.F.R. § 542.14. An inmate who is dissatisfied with the Warden's response to his BP-9 Request may submit a BP-10 Appeal to the Regional Director of the BOP within 20 days of the date the Warden signed the response. 28 C.F.R. § 542.15(a). The inmate may appeal to the BOP's General Counsel on a BP-11 form within 30 days of the day the Regional Director signed the response.[8] Id. Appeal to the General Counsel is the final administrative appeal. Id. If responses are not received by the inmate within the time allotted for reply, "the inmate may consider the absence of a response to be a denial at that level." 28 C.F.R. § 542.18.

Here, Petitioner was advised, even before he was sentenced, that he must exhaust his available administrative remedies through the Bureau of Prisons prior to filing a federal habeas petition to obtain credit for time served as a civil contemnor.

---

67 F.R. 50804-01, 2002 WL 1789480 (August 6, 2002).

[8] Response times for each level of review are set forth in 28 C.F.R. § 542.18.

16

See <u>Armstrong v. Lappin</u>, Civil Action No. 07-2573 (S.D.N.Y. Mar. 28, 2007).  Nevertheless, between April 10, 2007, when he was sentenced, till January 24, 2008, when he signed this Petition, a period of over nine months, through to the present date, a total period of fourteen months, Petitioner has made no effort to exhaust his administrative remedies.  Petitioner offers no explanation for the failure to pursue his administrative remedies.  Certainly, having sat on his right and obligation to pursue administrative remedies for these many months, Petitioner cannot establish here that he would suffer irreparable harm if exhaustion were not excused.  Nor has Petitioner established that exhaustion of his administrative remedies is futile.  Accordingly, the Petition will be dismissed without prejudice for failure to exhaust administrative remedies.

D.   <u>Letters</u>

Petitioner is in the habit of addressing this Court through letters.  <u>See</u>, <u>e.g.</u>, Docket Entries Nos. 9, 10, 11, 19, 20, 22, 30, 31, 33.  This Court has construed one such letter as a motion.

The proper method to request a court order is through a written motion, which states with particularity the grounds for seeking the order and which states the relief sought.  <u>See</u> Fed.R.Civ.P. Rule 7(b).  In future, Petitioner should submit any

request for a court order through a properly drafted motion; this Court will not construe future letters as motions.

### III.  CONCLUSION

For the reasons set forth above, Petitioner's motions will be denied and all claims asserted in the Amended Petition will be dismissed.  An appropriate order follows.


                                        s/Renée Marie Bumb
                                        Renée Marie Bumb
                                        United States District Judge

Dated: June 12, 2009